**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2240

_____

|  |  |  |
|---|---|---|
| Stacey M. Brown, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| City of St. Louis Public Safety | * | District Court for the |
| Department, | * | Eastern District of Missouri. |
| | * | |
| Appellee, | * | [UNPUBLISHED] |
| | * | |
| Steven Readye, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: November 7, 1997

Filed: December 30, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Stacey Brown appeals from the district court's[1] order granting summary judgment to her employer, the City of St. Louis Public Safety Department, in this hostile environment sexual harassment action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. We affirm.

In July 1994, Brown, a correctional officer, complained to a supervisor that Brown's co-worker, Lieutenant Steven Readye, had on three occasions made unwelcome sexual comments to her, had once touched her inappropriately, and had blown kisses at her. A meeting was immediately held at which Readye was reprimanded and required to apologize to Brown; Brown was told to report any further incidents. Approximately two weeks later, when Brown reported that Readye had kissed her on the ear, Readye was immediately transferred to another shift and was required to enter the next sexual harassment training program; an investigation was begun that resulted in Readye's eight-day suspension without pay. No further incidents of harassment occurred.

As one element of her hostile environment sexual harassment claim, Brown was required to prove the employer knew or should have known of the harassment, yet failed to take "proper remedial action." See Quick v. Donaldson Co., 90 F.3d 1372, 1377 (8th Cir. 1996); see also Davis v. Tri-State Mack Distribs., Inc., 981 F.2d 340, 343-44 (8th Cir. 1992) (upon notice, the employer must take "'prompt remedial action reasonably calculated to end the harassment'") (quoted case omitted). Under the circumstances of this case, we agree with the district court that the employer's response to the harassment was sufficient as a matter of law. See Barrett v. Omaha Nat'l Bank, 726 F.2d 424, 426-27 (8th Cir. 1984) (upholding district court's factual finding of

_____

[1]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

appropriate employer response where shortly after complaint, employer investigated, placed alleged harasser on probation, and threatened termination if there was further misconduct); cf. Davis, 981 F.2d at 341, 343 (finding requiring harasser to apologize insufficient response, where alleged harasser apologized twice, and his conduct worsened after each apology).

Accordingly we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.